---



**SO ORDERED,**

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: April 24, 2014**

The Order of the Court is set forth below. The docket reflects the date entered.

---

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                    CHAPTER 7
KENNETH LEE SIMMONS                          CASE NO. 1200937EE
MARY ALLISON SIMMONS


DEREK A. HENDERSON, TRUSTEE FOR
KENNETH LEE SIMMONS AND
MARY ALLISON SIMMONS AND
TRUSTMARK NATIONAL BANK

V.                                                    ADVERSARY NO. 1200061EE

BANK OF AMERICA, N.A.


### ORDER ON *BANK OF AMERICA, N.A.'S*
### *MOTION TO DISMISS AMENDED COMPLAINT*

**THIS MATTER** came before the Court on *Bank of America, N.A.'s Motion to*

*Dismiss Amended Complaint* (Adv. Dkt. #57), the *Response to Motion to Dismiss* (Adv. Dkt. #58)

filed by Derek A. Henderson, Chapter 7 Trustee, and *Bank of America N.A.'s Reply in Support of*

*its Motion to Dismiss Amended Complaint* (Adv. Dkt. #59), and having considered same, the Court

finds as follows:

On March 15, 2102, Kenneth Lee Simmons and Mary Allison Simmons (Debtors) filed a

petition for relief under Chapter 7 of the United States Bankruptcy Code.  Derek A. Henderson

(Trustee) was appointed the Chapter 7 trustee.

On June 6, 2012, the Debtors commenced the above-styled adversary proceeding with the

filing of their *Complaint to Determine Extent and Validity of Liens* (Adv. Dkt. #1) (Complaint).  In

their Complaint, the Debtors alleged that Bank of America (BOA) did not have a perfected security

interest in their real property located in Jackson, Mississippi, pursuant to 11 U.S.C. § 544[1] and §

545.  After an agreed upon extension of time, BOA filed *Bank of America, N.A.'s Answer to*

*Plaintiffs' Complaint to Determine Extent and Validity of Liens* (Adv. Dkt. #8) in which BOA

denied that the Debtors were entitled to the relief requested.

On October 16, 2012, the Debtors filed a *Motion for Leave to Amend Complaint to*

*Determine Extent and Validity of Liens* (Adv. Dkt. #18) (Motion to Amend).  In their Motion to

Amend, the Debtors seek permission to amend their Complaint to add the Trustee and Trustmark

National Bank (Trustmark) as necessary parties and to add additional grounds for relief.  Attached

to their Motion to Amend as Exhibit A is the *Amended Complaint to Determine Extent and Validity*

*of Liens or in the alternative, to Set Aside a Preference* (Amended Complaint).

BOA filed *Bank of America, N.A.'s Objection to Movants' Motion for Leave to Amend* (Adv.

---

[1]Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the
United States Code unless specifically noted otherwise.

Dkt. #21) (Objection) on November 9, 2012.  In its Objection, BOA asserts that the Debtors should

not be permitted to amend their Complaint because the transfer in question occurred outside the 90

day preference period.  Therefore, BOA asserts the Court should deny the Motion to Amend because

the Debtors cannot state a claim upon which relief can be granted.

On November 15, 2012, Trustmark filed *Trustmark National Bank's Reply to Bank of*

*America, N.A.'s Objection to Motion for Leave to Amend* (Adv. Dkt. #25) (Response).  In its

Response, Trustmark asserts that the Court should overrule BOA's objection and allow the

Amended Complaint to be filed.

The Motion to Amend, Objection and Response were set for hearing and reset on several

occasions.  On February 26, 2013, the Court overruled BOA's Objection and granted the Motion to

Amend.

The parties submitted the *Agreed Order Regarding Motion for Leave to Amend Complaint*

*to Determine Extent and Validity of Liens* (Adv. Dkt. #42) (Order) to the Court.  The Order was

entered on April 2, 2013.[2]  In the Order, the Court granted the Debtors permission to file the

Amended Complaint within ten (10) days of the entry of the Order.  However, the Amended

Complaint (Adv. Dkt. #53) was not separately filed with the Court until August 2, 2013.

On August 14, 2013, *Bank of America, N.A.'s Motion to Dismiss Amended Complaint* (Adv.

Dkt. #57) (Motion to Dismiss) was filed.  In its Motion to Dismiss, BOA alleges that since the

Amended Complaint was filed outside the ten (10) day period provided for in the Order, the

---

[2]There were actually two orders entered granting the Motion to Amend.  The first order
was entered on March 12, 2013. (Adv. Dkt. #37)  The second order was entered on April 2,
2013.  Both orders contained language directing that the Amended Complaint be filed within ten
(10) days of the entry of the orders.  For purposes of this Opinion, the Court will refer only to the
April 2, 2013, Order.

Amended Complaint should be dismissed as an unauthorized pleading.  In addition, BOA asserts

that if the Amended Complaint is not dismissed as an unauthorized pleading, it should be dismissed

pursuant to Federal Rule of Bankruptcy Procedure 7012 for the same reasons previously set forth

in *Bank of America, N.A.'s Motion for Summary Judgment* (Adv. Dkt. #45) (BOA's Summary

Judgment).

Trustmark and the Trustee filed their *Response to Motion to Dismiss* (Adv. Dkt. #58) on

September 3, 2013, in which they allege that the Amended Complaint simply adds the Trustee as

the proper party in interest but does not add additional grounds.  *Bank of America, N.A.'s Reply in*

*Support of its Motion to Dismiss Amended Complaint* (Adv. Dkt. #59) was filed on September 10,

2013.  BOA asserts that the Amended Complaint did add as an additional ground § 547 (preference).

BOA does not oppose an amendment to correct the identity of the parties (the Trustee and

Trustmark), but it does oppose the inclusion of the additional ground for relief under § 547.

## Legal Analysis

### 1.  Untimely Filed Amended Complaint

Federal Rule of Civil Procedure 15[3] provides the procedure for the filing of amended

pleadings.  In accordance with Rule 15, leave to amend "shall be freely given when justice so

requires."  Fed. R. Civ. P. 15.  The Debtors properly filed their Motion to Amend, and the Court

entered the Order allowing the amendment.

In support of its position that the Amended Complaint was unauthorized because it was

untimely filed, and therefore, should be dismissed, BOA cites *Sibson v. Midland Mortgage (In re*

---

[3]Federal Rule of Civil Procedure 15 is made applicable to adversary proceedings
pursuant to Federal Rule of Bankruptcy Procedure 7015.

*Sibson),* 235 B.R. 672 (Bankr. M.D. Fla. 1999).  However, *Sibson* is not binding authority and, as

explained below, the Court finds *Sibson* to be distinguishable from the case at bar.

In *Sibson*, the plaintiff filed an amended complaint without court approval or consent of the

defendants in accordance with Rule 15.  In addition, the plaintiff joined in the amended complaint

plaintiffs from another adversary proceeding.  The court entered an order which held that the

adversaries were to remain as separate proceedings and that the plaintiff was to revise the amended

complaint to reflect the court's order.

Contrary to the court's order, the Plaintiff subsequently filed a second amended complaint

which again attempted to join the plaintiffs from the other adversary.  In response, the defendants,

Midland Mortgage Co. (Midland) and Midfirst State Savings Bank (Midfirst), filed a motion to

dismiss the amended complaint.  On their motion to dismiss, the court entered a second order

dismissing the second amended complaint on the ground that it was filed in violation of the court's

first order.  However, rather than dismissing the adversary proceeding at that point, the court granted

the plaintiff fifteen (15) days from the date of the second order to file a third amended complaint that

complied with the court's ruling.  Further, if the plaintiff failed to file the third amended complaint

within fifteen (15) days of the date of the second order, the order dismissing the second amended

complaint would also result in the dismissal of the adversary.  The plaintiff did not file the third

amended complaint in compliance with the court's second order and did not file a motion for an

enlargement of time to file the third amended complaint.  Instead, almost thirty (30) days after the

entry of the second order, the plaintiff filed the third amended complaint.

Midland and Midfirst filed a motion to strike and dismiss the third amended complaint as an

unauthorized pleading under Rule 15 because the second order dismissing the second amended

complaint, and thereby, dismissing the adversary after the time expired for filing the third amended complaint was a final order. The *Sibson* court, relying upon precedent set by the Court of Appeals for the Eleventh Circuit, found that the "order dismissing [the revised amended complaint] with leave to amend within a specified time period becomes final when the time period allowed for amendment expires."[4] Consequently, when the plaintiff failed to file the third amended complaint within fifteen (15) days of the entry of the second order, the order dismissing the second amended complaint, and thereafter dismissing the adversary, became a final judgment from which the plaintiff was not entitled to relief.

The court further held that because the Plaintiff did not obtain leave from the court to file the third amended complaint after the expiration of the fifteen (15) days, the third amended complaint was an unauthorized pleading and was stricken.

Unlike *Sibson*, the Order entered by the Court in the case at bar did not provide for the dismissal of the original Complaint. Rather, the Order submitted by the parties and "approved as to form and content" by their counsel simply granted the Debtors ten (10) days to separately file the Amended Complaint. Further, there is no language in the Order which states the consequences for not filing the Amended Complaint within ten (10) days of the entry of the Order. Consequently, the Court finds that the holding in *Sibson* is not applicable to the case at bar.

BOA has not cited authority that mandates the dismissal of the Amended Complaint under the specific situation before the Court: a motion is filed to allow the filing of an amended complaint; an order is entered allowing the filing of an amended complaint within a specified period of time; and the amended complaint is then not separately filed within the time period.

---

[4]*Sibson,* 235 B.R. at 675 (citations omitted).

As noted previously, when the Motion to Amend was filed on October 16, 2012, the Amended Complaint was attached to the Motion to Amend as an exhibit. Therefore, BOA was put on notice almost ten (10) months before the Amended Complaint was separately filed that the Amended Complaint added a ground for relief under § 547.

The Court does not condone the fact that the Trustee waited four (4) months after the entry of the Order to separately file the Amended Complaint. The Court does not find, and BOA does not allege, that BOA would be unduly prejudiced by allowing the Amended Complaint to be separately filed outside the ten (10) day period as provided in the Order. An examination of BOA's pleadings clearly demonstrate that this is not a situation where BOA was "blind-sided" by the addition of § 547 in the Amended Complaint. In its *Bank of America, N.A.'s Memorandum in Support of its Motion for Summary Judgment* (Adv. Dkt. #46), BOA briefs the issue of whether the transfer in question was a preference under § 547. Again in *Bank of America N.A.'s Reply in Support of its Motion for Summary Judgment* (Adv. Dkt. #52), BOA acknowledges that the Amended Complaint adds § 547. And finally, in *Bank of America, N.A.'s Response to Trustmark National Bank's Motion for Summary Judgment* (Adv. Dkt. #54), BOA once again acknowledges the claim under § 547 which is contained in the Amended Complaint.

Consequently, the Court finds that BOA's Motion to Dismiss the Amended Complaint because it was not separately filed with the Court within the ten (10) days provided in the Order is not well taken and should be denied.

## 2. Federal Rule of Bankruptcy Procedure 7012

The Court's ruling upon BOA's Summary Judgment will also resolve BOA's alternative request pursuant to Federal Rule of Bankruptcy Procedure 7012 "that the Court dismiss the movants'

Amended Complaint with prejudice for the reasons set forth in Bank of America's Motion for Summary Judgment."[5]

### Conclusion

As noted previously, Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. In the case at bar, the Court finds that "justice so requires" that the Amended Complaint be allowed. The Court finds BOA was not unduly prejudiced by the failure of the Trustee to separately file the Amended Complaint within ten (10) days of the entry of the Order. Therefore, the Motion to Dismiss the Amended Complaint should be denied.

BOA's alternative ground to dismiss the Amended Complaint pursuant to Rule 7012 shall be resolved in the *Memorandum Opinion* entered contemporaneously on *Bank of America, N.A's Motion to Abstain* (Adv. Dkt. #22), *Bank of America, N.A.'s Motion for Summary Judgment* (Adv. Dkt. #45), and *Motion of Trustmark National Bank for Summary Judgment* (Adv. Dkt. #49).

**IT IS THEREFORE ORDERED** that *Bank of America, N.A.'s Motion to Dismiss Amended Complaint* (Adv. Dkt. #57) to dismiss the *Amended Complaint to Determine Extent and Validity of Liens or in the alternative, to Set Aside a Preference* (Adv. Dkt. #53) is hereby denied.

**IT IS FURTHER ORDERED** that the request to dismiss the *Amended Complaint to Determine Extent and Validity of Liens or in the alternative, to Set Aside a Preference* (Adv. Dkt. #53) pursuant to Federal Rule of Bankruptcy Procedure 7012 contained in *Bank of America, N.A.'s Motion to Dismiss Amended Complaint* (Adv. Dkt. #57) will be resolved by the *Memorandum Opinion* entered contemporaneously on *Bank of America, N.A's Motion to Abstain* (Adv. Dkt. #22),

---

[5]*Bank of America, N.A.'s Motion to Dismiss Amended Complaint,* Adv. Proc. No. 1200061EE, Adv. Dkt. #57, p. 2, August 14, 2013.

*Bank of America, N.A.'s Motion for Summary Judgment* (Adv. Dkt. #45), and *Motion of Trustmark*

*National Bank for Summary Judgment* (Adv. Dkt. #49).

**##END OF ORDER##**