IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
KENNETH LEE SIMMONS AND                                        CHAPTER 7
MARY ALLISON SIMMONS                                           CASE NO. 12-00937-EE

---

KENNETH LEE SIMMONS AND MARY                                   PLAINTIFFS
ALLISON SIMMONS

VERSUS                                                         CASE NO. 12-00061-EE

BANK OF AMERICA, N.A.                                          DEFENDANT

---

## MOTION TO STAY EXECUTION OF JUDGMENT

COMES NOW, Defendant, Bank of America, N.A. ("Bank of America"), pursuant to Fed. R. Bankr. P. 7062 and 8005, and moves to stay execution of the final judgment entered in this action during the pendency of the appeal noticed concurrently with the filing of this motion. In support of its motion, Bank of America would show as follows:

1. On April 24, 2014, the Court entered orders denying Bank of America's Motion to Dismiss the Amended Complaint, denying Bank of America's Motion for Summary Judgment, granting Trustmark National Bank's ("Trustmark's") Motion for Summary Judgment, and entering a Final Judgment consistent with its findings. The net effect was to avoid Bank of America's deed of trust encumbering certain real property owned by the debtors and to advance Trustmark's deed of trust to a first priority position.

2. Just prior to the filing of this Motion to Stay Execution, Bank of America filed a Notice of Appeal giving notice of its intent to appeal the orders listed above.

3. Fed. R. Bankr. P. 7062 states that Rule 62 of the Federal Rules of Civil Procedure applies in adversary proceedings, which authorizes the court "to stay proceedings ... while an appeal is

179401.1

pending." In addition, Fed. R. Bankr. P. 8005 provides: "Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest."

4.   Bank of America asks the Court to maintain the status quo during the pendency of its appeal. "The purpose of a stay or injunction, pursuant to Federal Rule of Civil Procedure 62 … is to prevent a party's claim from being moot by preserving the status quo pending resolution of an appeal." *SEC v. Janvey*, 404 Fed. Appx. 912, 916 (5th Cir. 2010). "If proceedings are not stayed, then an event may occur while a case is pending appeal that makes it impossible for the court to grant any effectual relief." *Id.*

5.   In this case, the effect of a stay would be that no action could be taken with regard to the collateral subject to Bank of America's lien unless Bank of America's status as a secured creditor was protected. Should the estate take some action with regard to the property prior to the resolution of the appeal, and Bank of America's interests as a secured creditor are not protected, then Bank of America's claim would be rendered moot. *See Christopher Village, Ltd. Pshp. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999) (finding that an appeal would be moot should the "property underlying the dispute" because sold "because the court cannot fashion adequate relief, i.e., cannot reverse the transaction"). Such a result is exactly what a stay is designed to prevent.

6.   The collateral has sufficient value that the parties are protected during the pendency of the appeal without any further bond. The posting of a bond is not an absolute requirement for a stay to issue. *See* Fed. R. Bankr. P. 8005 ("The district court or the bankruptcy appellate panel

*may* condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.") (emphasis added). *See also In re Weinhold*, 389 B.R. 783, 787 (M.D.Fla.Bankr. 2008) ("It is generally acknowledged that Rule 8005 provides Bankruptcy Courts with the discretion to grant a stay pending appeal without requiring the appellant to post a bond."). In this case, should the judgment of the court be affirmed, and Bank of America's deed of trust be avoided, it would leave equity in the property. That is, the value of the property is sufficient to protect the interests of the various parties.

7.    Should the Court decide that additional security is required to protect the parties' interest during the pendency of the appeal, Bank of America is prepared to post a bond in a sufficient amount as determined by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant, Bank of America, N.A., respectfully requests the Court to enter an order staying execution of the judgment and protect Bank of America, N.A.'s status as a secured creditor during the pendency of the appeal, and for all other relief proper in the premises.

Respectfully submitted, this 8th day of May, 2014.

BANK OF AMERICA, N.A.

BY:    Balch & Bingham LLP

BY:    s/Donald Alan Windham Jr.
       *Of Counsel*

Donald Alan Windham, Jr. (MSB# 100909)
Balch & Bingham LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

Laura Henderson-Courtney
Underwood Law Firm PLLC
340 Edgewood Terrace Drive
Jackson, Mississippi 39206

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that I have this day served, via the Court's electronic filing system, a true and correct copy of the above and foregoing pleading to all counsel of record.

This the 8th day of May, 2014.

s/Donald Alan Windham Jr.