## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: KENNETH LEE SIMMONS and                                      CHAPTER 13
MARY ALLISON SIMMONS                                       CASE NO. 12-00937-ee

KENNETH LEE SIMMONS and                                            PLAINTIFFS
MARY ALLISON SIMMONS

V.                                      ADVERSARY PROCEEDING NO. 12-00061-ee

BANK OF AMERICA, N.A. and
TRUSTMARK NATIONAL BANK                                             DEFENDANTS

### RESPONSE OF TRUSTMARK NATIONAL BANK
### TO MOTION TO STAY EXECUTION OF JUDGMENT

COMES NOW, Trustmark National Bank ("Trustmark") and hereby files its Response to the

Motion to Stay Execution of Judgment (Doc. 67), filed by Bank of America, N.A. ("BOA") in the

above styled and number adversary proceeding as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Trustmark acknowledges that BOA's appeal may be mooted should BOA fail to obtain a stay

of the Judgment entered in this adversary.

5.      Denied.  Pursuant to 11 U.S.C. §363 the Trustee has the authority to sell property of the

Estate, after notice and hearing, free and clear of liens.  To the extent BOA is successful on its appeal

and is determined to be a secured creditor, a sale of the secured property by the Trustee would simply

mean that any liens against the property would be transferred to the proceeds of any sale approved

by the Court under 11 U.S.C. §363.

6.      Denied.  The subject property is vacant and likely to deteriorate in value if not promptly sold by Trustee or liquidated through foreclosure should the Trustee abandon the property and the Court lift the automatic stay.

7.      Trustmark submits that the Court should order BOA to post an appeal bond for the reasons set forth herein.

The property has been listed for sale by the Trustee since February 2013.  The Trustee was finally able to obtain an offer to purchase the property on April 17, 2014.  In July 2011 the subject property was appraised for $550,000, but the appraisal noted areas of deferred maintenance with areas of wood rot and evidence of water leaks.[1]  The Trustee noticed a proposed sale of the secured property under 11 U.S.C. §363, (Doc. 42, Case 12-000937), for $365,000, less a real estate commission of $18,250.00, resulting in a net sales of $346,750[2].  As noted in Trustmark's response to the proposed sale, Trustmark was owed $362,777.71, plus continuing per diem interest and attorneys fees.  (Doc. 44, Case 12-000937).

However, since noticing the proposed sale, the Trustee has indicated the sale has fallen through after an inspection by the proposed purchaser revealed the existence of mold.[3]  In the absence of immediate corrective action regarding any water intrusion causing the mold, and prompt mold remediation, the condition and value of the secured property is likely to continue to decline.

---

[1]A true and correct copy of the July 19, 2011 appraisal is attached hereto as Exhibit "A".

[2]There can be no real dispute that the property is declining in value based on the decline from the appraised value of $550,000 in 2011, to the May 2014 offer of $365,000, which was withdrawn due to the existence of mold, the extent of which is undetermined.

[3]A true and correct copy a May 8, 2014 email from the listing agent to the Trustee is attached here as Exhibit "B".

While the Court has the discretion to grant a stay without requiring an appeal bond, the purpose of a bond is "to protect against any reduction in value of the subject property pending appeal, and to 'secure the prevailing party against any loss that might be sustained as a result of an ineffectual appeal.'" *In re Weinhold*, 389 B.R. 783, 787 (M.D. Fl. 2008) citing *In re Adelphia Communications Corporation*, 361 B.R. 337, 350 (S.D.N.Y. 2007).

In determining an appropriate amount of a bond involving real property the Court should consider the following factors:

> (1) the time value of the property; (2) the diminution in value or destruction of the property, quantified as the cost of insurance on the property; (3) the cost that the appellee will incur for the appeal; (4) the estimated taxes for the property; and (5) any other expenses that the appellee will incur as a result of the delay caused by the appeal.[4]

In this case, the time valued of money should be based on Trustmark's Note which bears interest at the adjustable interest rate of 6.75%, or a per diem amount of $55.27.  According to the Hinds County Billing Roll, the annual property taxes are approximately $6,169.48.[5]    A reasonable estimate of the expenses to be incurred by Trustmark for the appeal is $5,000, including legal fees..

What is unknown is the diminution in value  of the property that will occur during the appeal. While generally quantified as the cost of insurance, in this case the discovery of mold on the property significantly increases the risk of diminution since damages resulting from mold and the costs of mold remediation can be, and generally are, excluded under residential real property insurance policies.[6]

---

[4]*Weinhold*, supra at 789, citing  *In re Texas Equipment Company, Inc.*, 283 B.R. at 222, 230 (N.D. Tx. 2002).

[5]A true and correct copy of the Hinds County Billing Roll is attached hereto as Exhibit "C".

[6]If is unclear if the secured property is insured, and, if so, the term of the policy.

A failure to immediately repair the source of water damages causing the mold and conduct necessary mold remediation will cause continuing damages and may cause the property to become virtually worthless.   Under these circumstances, Trustmark submits the current fair market value of the property as determined by the offer made by a willing purchaser, $365,000, is the amount which should be included in calculating the potential diminution in the value of the property.   Alternatively, the Court should order BOA to repair all existing water leaks and complete all necessary mold remediation to preserve the value of the real property during the appeal as part of the appeal bond.

WHEREFORE PREMISES CONSIDERED, Trustmark prays that the Court order BOA to post an appeal bond in an amount of not less than $390,000.00.

Respectfully submitted this 13th day of May, 2014.

TRUSTMARK NATIONAL BANK


BY:  WILLIFORD, McALLISTER & JACOBUS, LLP
303 Highland Park Cove, Suite A
Ridgeland, MS  39157-6059
(601) 991-2000
pmcallister@wmjlaw.com


BY:  *Patrick F. McAllister*
PATRICK F. MCALLISTER, MSB #2177

## CERTIFICATE OF SERVICE

I, Patrick F. McAllister, do hereby certify that I have this day served a true and correct copy of the above and foregoing Motion upon the following via the Court's electronic filing system:

Eileen N. Shaffer, Esq.
P. O. Box 1177
Jackson, MS
Attorney for the Debtor

Derek A. Henderson, Esq.
111 E. Capitol St., Suite 455
Jackson, MS 39201
Chapter 7 Trustee

Donald Alan Windham, Jr., Esq.
Balch & Bingham, LLP
401 East Capitol St., Suite 200
Jackson, MS 39269
Attorney for Bank of America

Laura Henderson-Courtney
Underwood Law Firm
P. O. Box 16852
Jackson, MS 39236-6852

DATED: this the 13th day of May, 2014.

*Patrick F. McAllister*
PATRICK F. MCALLISTER