IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | |
| KENNETH LEE SIMMONS AND | CHAPTER 7 |
| MARY ALLISON SIMMONS | CASE NO. 12-00937-EE |

| | |
|---|---|
| KENNETH LEE SIMMONS AND MARY ALLISON SIMMONS | PLAINTIFFS |
| VERSUS | CASE NO. 12-00061-EE |
| BANK OF AMERICA, N.A. | DEFENDANT |

**BANK OF AMERICA, N.A.'S REPLY TO TRUSTMARK NATIONAL BANK'S
RESPONSE TO ITS MOTION TO STAY EXECUTION OF JUDGMENT**

On April 24, 2014, the Court entered its judgment in this adversary avoiding Bank of America, N.A.'s ("Bank of America's") deed of trust. Bank of America appealed and filed its Motion to Stay Execution of the Judgment. The effect of a stay would be that Bank of America would continue to be considered a secured creditor as to the collateral at issue during the pendency of the appeal. Trustmark National Bank ("Trustmark") responded to the motion, treating it as a motion to stay the sale of the property. Since a motion to sell the property pursuant to § 363 is a separate proceeding, and since the motion to stay execution of this judgment would not have that effect, Trustmark's response and request for a bond is not well taken and relief requested should not be granted by the Court.

**ARGUMENT**

As recognized by Trustmark in its response, "[p]ursuant to 11 U.S.C. §363 the Trustee has the authority to sell property of the Estate, after notice and hearing, free and clear of liens." Response, ¶ 5. The Trustee's motion to sell pursuant to 11 U.S.C. § 363 is not part of the

179696.1

adversary proceeding, and a stay of the judgment does not prevent any such sale from going forward. The only effect of a stay is that Bank of America would be considered a secured creditor under 11 U.S.C. § 363 during the pendency of the appeal. The statute contains protections for secured creditors, including, as noted by Trustmark, the provision transferring any liens on the property to the proceeds of the sale. Accordingly, the issues raised by Trustmark National Bank ("Trustmark"), which relate to the prevention of the Trustee's sale, are not relevant to this motion.

Trustmark asserts that the value of the property is declining due to mold and other issues, noting that the sale price at which the Trustee requested to sell the property is less than prior appraisals. Trustmark suggests that, in order to obtain a stay, Bank of America must ensure both the sale price of a sale that apparently no longer exists and the property's value against declining due to mold. This relief goes far beyond merely maintaining the status quo, which is the purpose of a stay. "The purpose of a stay is to preserve, not change, the status quo pending the outcome of an appeal." *United States v. State of Mich.*, 505 F. Supp. 467, 472 (W.D.Mich. 1980). Trustmark requests that Bank of America protect it from diminution in the value of the property in no way caused by Bank of America's requested stay, and which had already occurred prior to the entry of any stay. A stay of the judgment in this adversary does not prevent the Trustee from seeking to sell the property pursuant to § 363 or taking any other action to preserve the value of the property.

Should the Trustee go forward with a motion to sell the property, and Bank of America seek to enforce its rights as a secured creditor under the statute, then the Court would be free to modify its stay and require the posting of a bond as part of that process. Until that time, however, no bond should be required to protect any party's interest, since the status quo is

179696.1                                              2

maintained and no party will have suffered any loss or potential loss due to the stay. Trustmark, as a junior mortgagee, has never escrowed property insurance premiums or property taxes. Upon the debtor's default, Bank of America has paid property taxes and insurance premiums for this property.

## CONCLUSION

The purpose of a stay is to maintain the status quo, not to put Trustmark into a superior position than otherwise. Bank of America requests that a stay be entered preserving its rights as a secured creditor during the pendency of the appeal, with the court retaining jurisdiction to modify the stay and impose a bond should it become necessary.

Respectfully submitted, this 16th day of May, 2014.

> BANK OF AMERICA, N.A.
>
> BY:   Balch & Bingham LLP
>
> BY:   s/Donald Alan Windham Jr.
> *Of Counsel*

Donald Alan Windham, Jr. (MSB# 100909)
Balch & Bingham LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

Laura Henderson-Courtney
Underwood Law Firm PLLC
340 Edgewood Terrace Drive
Jackson, Mississippi  39206

179696.1                                           3

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day served, via the Court's electronic filing system, a true and correct copy of the above and foregoing pleading to all counsel of record.

This the 16th day of May, 2014.

                                                                                 s/Donald Alan Windham Jr.